# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| PRESTON GATTIS, JR., | ) | |
| | ) | |
| Petitioner, | ) | No. 2:02-cr-01156-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner Preston Gattis, Jr.'s ("Gattis") motion to vacate pursuant to 28 U.S.C. § 2255, ECF No. 137, Gattis's supplemental § 2255 motion, ECF No. 142, the United States of America's ("the government") motion to stay, ECF No. 144, and Gattis's motion for leave to file a supplemental motion to vacate, ECF No. 146. For the reasons set forth below, the court denies Gattis's motions and finds as moot the government's motion to stay.

## I. BACKGROUND

On October 16, 2003, a jury found Gattis guilty of two counts of knowingly and intentionally possessing with intent to distribute and did distribute less than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); knowingly and intentionally possessing with intent to distribute and did distribute five or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); knowingly and intentionally possessing with intent to distribute and did distribute five or more grams of cocaine base and less than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C); using and carrying a firearm in furtherance of a drug

1

trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).

Gattis has several previous convictions: (1) New York state attempted first-degree robbery; (2) New York state attempted second-degree robbery; (3) New York state third-degree robbery; (4) Maryland state possession of a controlled dangerous substance with intent to distribute, use of a firearm during drug trafficking, possession of a controlled dangerous substance, carrying a handgun, transporting a handgun, and assault; (5) New York state fifth-degree criminal possession of stolen property; (6) South Carolina state possession of crack with intent to distribute, possession of a controlled drug within proximity of a school, and conspiracy to distribute crack; (7) South Carolina state attempted escape; and (8) South Carolina state disorderly conduct, simple possession of marijuana, malicious damage to county property, and careless operation. As such, for purposes of sentencing, Gattis was classified as a career offender under the United States Sentencing Guidelines ("U.S.S.G." or "the Sentencing Guidelines") § 4B1.1 and as an armed career criminal under the Armed Career Criminal Act ("ACCA"). The presentence report ("PSR") does not indicate which prior convictions were used to classify Gattis as such. On March 4, 2004, Gattis was sentenced to a total term of 420 months of imprisonment. On September 26, 2005, the Fourth Circuit affirmed Gattis's convictions and sentence. United States v. Gattis, 149 F. App'x 206, 208 (4th Cir. 2005).

On October 30, 2006, Gattis filed his first § 2255 motion, ECF No. 79, which the court denied on the merits, ECF No. 86. Then on April 27, 2016, Gattis, acting pro se, filed a § 2255 motion based on Johnson v. United States, 135 S. Ct. 2551 (2015), which was authorized by the Fourth Circuit. ECF No. 137. Gattis, through counsel,

subsequently filed a supplemental § 2255 motion on May 31, 2016. ECF No. 142. ON July 11, 2016, the government filed a motion to stay pending the outcome of Beckles v. United States, 137 S. Ct. 886 (2017), ECF No. 144, which Gattis opposed, ECF No. 145. Then on December 20, 2016, Gattis, acting pro se, filed a motion for leave to file a supplemental § 2255 motion. ECF No. 146. Counsel for Gattis subsequently withdrew her representation, as Gattis indicated that he wanted to represent himself. ECF Nos. 147–148.

These various motions were eventually stayed on January 16, 2018 pending the resolution of an issue before the Supreme Court. ECF No. 154. The stay was lifted on September 20, 2019, and the court instructed the government to respond to Gattis's three pending motions. ECF No. 159. The government responded in opposition to Gattis's § 2255 motion on November 1, 2019, ECF No. 164, and Gattis replied on November 18, 2019, ECF No. 166.

## II. STANDARD

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 390-91 (4th Cir. 1990).

Pursuant to 28 U.S.C. § 2255(a):

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence

was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The petitioner must prove the grounds for collateral attack by a preponderance of the evidence.[1] See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

### III. DISCUSSION

The court begins its discussion with the government's motion to stay and Gattis's pro se motion for leave to supplement his § 2255 motion. Then the court turns its focus to Gattis's § 2255 motion and supplemental § 2255 motion.

#### A. Government's Motion to Stay

On July 11, 2016, the government asked the court to stay this case pending the outcome of Beckles v. United States, 137 S. Ct. 886 (2017). Beckles has been decided; therefore, the court finds this motion to be moot.

#### B. Gattis's Motion for Leave

Gattis filed a pro se motion seeking leave to file a supplemental § 2255 motion so that he could assert a claim of "actual innocence of one of the predicate requirements for classification as a career offender." ECF No. 146 at 1. Despite the court's explicit instruction to do so, ECF No. 159, the government did not respond to this motion. Nevertheless, the court must deny the motion. The court understands Gattis's motion to mean that Gattis would like to argue that he is innocent of one of his predicate crimes that

---

[1] In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The court has reviewed the record in this case and has determined that a hearing is not necessary.

4

warranted his classification as a career offender and/or an armed career criminal. Gattis does not identify the crime for which he claims innocence, but all of his predicate convictions occurred in either New York, Maryland, or South Carolina state court. An actual innocence claim in a habeas petition relates to the federal crime that is the basis of the habeas petition, not previous state convictions. As such, this court cannot consider whether Gattis is actually innocent of any of his predicate state offenses, and filing a supplemental § 2255 motion requesting the court to do so would be futile. Therefore, the court denies Gattis's motion for leave to supplement his § 2255 motion.

### C. Gattis's § 2255 Motions

The court now considers Gattis's substantive § 2255 arguments. Gattis argues that he can no longer be classified as an armed career offender under the ACCA in light of Johnson's invalidation of the ACCA's residual clause. In his supplemental § 2255 motion, Gattis also argues that Johnson's holding extends to the residual clause of the Sentencing Guidelines and that his New York robbery convictions do not qualify as predicate offenses under the ACCA or under the Sentencing Guidelines.[2] In response, the government argues that, assuming Gattis's claims are procedurally proper, Gattis is still properly classified as a career offender and an armed career criminal because Gattis's three New York robbery convictions qualify as violent felonies under the ACCA's force clause and crimes of violence under the Sentencing Guidelines's force clause. In his reply brief, Gattis argues that the government failed to respond to the court's order to

---

[2] Gattis "recognizes, but does not concede," that his two prior controlled substance offenses may have been used to determine his career offender status but because the PSR does not indicate which offenses were used to designate Gattis as a career offender, he cannot be sure. ECF No. 142 at 4 n.1.

respond to his supplemental § 2255 motion and that his former counsel, who filed the supplemental § 2255 motion, was ineffective. He also argues that because the government never gave Gattis notice of which convictions were used to classify him as an armed career criminal, the government waived its right to now identify those convictions, meaning that Gattis can no longer be classified as an armed career criminal.

### a. Armed Career Criminal Designation

Beginning with Gattis's armed career criminal designation, Gattis was found guilty of being a felon in possession of a firearm under 18 U.S.C. § 922(g). Section 924(e) provides that any person who violates § 922(g) and has three previous convictions for a violent felony, a serious drug offense, or both shall be imprisoned for no less than fifteen years. The statute defines "violent felony" as a crime punishable by imprisonment for more than a year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

18 U.S.C. § 922(e)(2)(B) (emphasis added). The underlined portion of the definition is the unconstitutionally vague residual clause. The definitions that remain intact after <u>Johnson</u> are subsection (i), known as the force clause, and the first part of subsection (ii), known as the enumerated offense clause.

Therefore, in order for Gattis's armed career criminal designation to stand, he must have three previous convictions of (1) a violent felony that falls within the force clause or the enumerated offense clause and/or (2) a serious drug offense. The court finds that Gattis's three New York state robbery convictions fall within the force clause, making Gattis's designation as an armed career criminal valid. Gattis has been convicted

of New York attempted first-degree robbery, New York attempted second-degree robbery, and New York third-degree robbery. In United States v. Pereira-Gomez, the Second Circuit held that attempted robbery under New York law in any degree qualifies as a crime of violence under the Sentencing Guidelines's force clause, which contains identical language to the ACCA's force clause. 903 F.3d 155, 166 (2d Cir. 2018); United States v. King, 673 F.3d 274, 279 n.3 (4th Cir. 2012) (noting that courts "rely on precedents evaluating whether an offense constitutes a 'crime of violence' under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a 'violent felony' under the ACCA, because the two terms have been defined in a manner that is substantively identical." (citation omitted)); see also Boone v. United States, 750 F. App'x 64, 65 (2d Cir. 2019) (holding that New York attempted second-degree robbery qualifies as an ACCA violet felony under the force clause). Therefore, Gattis's convictions of attempted first-degree robbery and attempted second-degree robbery are violent felonies under the ACCA. In addition, Fourth Circuit has held that New York third-degree robbery qualifies as a violent felony under the ACCA's force clause. United States v. Bowles, 733 F. App'x 699, 702 (4th Cir. 2018). Therefore, all three of Gattis's New York robbery convictions fall within the force clause of the ACCA's definition of violent felony, meaning that Gattis's designation as an armed career criminal is still valid even in light of Johnson.

In his reply brief, Gattis argues that because the government has never previously identified which convictions were used to designated him as an armed career criminal, the government has waived its right to do so now. Gattis relies on United States v. Hodge, 902 F.3d 420 (4th Cir. 2018); however, his reliance is misplaced. In Hodge, the

7

Fourth Circuit explained that "[g]enerally, a defendant's failure to challenge the PSR's designation of a particular conviction as an ACCA predicate in a timely manner bars him from raising such a challenge on collateral review[,]" and that the same is true for the government. 902 F.3d at 429. However, in Hodge, the issue was that the defendant's PSR specifically designated only three of the defendant's prior convictions as ACCA predicates, and the government attempted to use one of the defendant's non-designated prior convictions to justify the defendant's ACCA designation on collateral review. Id. at 427. The Fourth Circuit explained that "[w]here the PSR specifically designates certain convictions as ACCA predicates and declines to designate others, it notifies the defendant that only the designated predicates will be used to support the ACCA enhancement." Id.; see also id. at 428 ("In sum, when the Government or the sentencing court chooses to specify which of the convictions listed in the PSR it is using to support an ACCA enhancement, it thereby narrows the defendant's notice of potential ACCA predicates from all convictions listed in the PSR to those convictions specifically identified as such."). As such, the Fourth Circuit concluded that the defendant did not have adequate notice that his other convictions would be used to support his ACCA enhancement and that the government could not now use one of those non-designated convictions for the first time on collateral review to preserve the enhancement. Id.

Here, the PSR did not designate which convictions were the ACCA predicates, making Hodge inapplicable. Gattis's PSR does not "specifically designate[ ] certain convictions as ACCA predicates and declines to designate others" but instead simply does not designate which convictions were used as ACCA predicates. See id. at 427.

Therefore, the government is permitted to argue that Gattis's three New York robbery convictions qualify as ACCA predicates and did not waive its opportunity to do so.

### b. Career Offender Designation

The court first addresses Gattis's contention that the government failed to respond to his supplemental § 2255 motion regarding the Guidelines despite the court's explicit instruction to do so. While the government certainly could have made it clearer that its response applied to both Gattis's original § 2255 motion and his supplemental § 2255 motion, the government did address both the ACCA and the Guidelines in its response. The government mentions the Guidelines several times throughout its response. See ECF No. 164 at 1, 3, 4, 5. Moreover, the government states that "because the ACCA and the Guidelines define their predicate offenses 'in a manner that is "substantially identical"', precedent interpreting either the Act or the Guidelines may be used interchangeably." Id. at 5. Therefore, the government's arguments regarding the ACCA apply in equal force to the Guidelines, and the government sufficiently, albeit rather briefly, addressed Gattis's supplemental § 2255 motion.

Next, the court addresses Gattis's argument that his counsel who filed his supplemental § 2255 motion was ineffective. Gattis seems to suggest that his supplemental § 2255 motion is defective because his counsel was ineffective. However, Gattis previously filed a motion to strike his supplemental § 2255 motion, ECF No. 150, which the court denied, ECF No. 151. Gattis does not request any other relief related to this issue; therefore, the court declines to address this argument further.

Turning to the substance of this issue, Gattis's New York robbery convictions also qualify Gattis as a career offender under the Guidelines. The Fourth Circuit recently

held that "the 'core crime' of New York robbery, irrespective of degree, is defined as 'forcibly steal[ing] property'" meaning that "the New York robbery statutes all qualify as predicate offenses under the Guidelines' force clause." United States v. Hammond, 912 F.3d 658, 662 (4th Cir.), cert. denied, 140 S. Ct. 80 (2019). In addition, as discussed above, the Second Circuit held that attempted robbery under New York law in any degree qualifies as a crime of violence under the Sentencing Guidelines's force clause. Pereira-Gomez 903 F.3d at 166;[3] see also United States v. Love, 767 F. App'x 213, 214 (2d Cir. 2019) (holding that New York attempted second-degree robbery qualifies as a predicate crime of violence under the Guidelines). Therefore, Gattis's New York robbery convictions fall under the Guidelines's force clause, making his designation as a career offender proper.

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[3] The court notes that the provision of the Guidelines discussed in this case was § 2L1.2 of the 2014 Guidelines, not § 4B1.2 of the 2003 Guidelines, which was the version in effect when Gattis was sentenced. However, the two provisions contain, in relevant parts, identical force clauses within their definitions of "crime of violence." Compare § 2L1.2 of the 2014 Guidelines ("any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another") with § 4B1.2 of the 2003 Guidelines ("any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has an element the use, attempted use, or threatened use of physical force against the person of another . . . ."). In addition, the Second Circuit has subsequently applied Pereira-Gomez when considering whether a predicate crime falls within the force clause of § 4B1.1. See United States v. Brown, 945 F.3d 72, 76 (2d Cir. 2019) ("And in Pereira-Gomez, we held that 'under New York law, . . . robbery in any degree is a crime of violence' under § 2L1.2 of the Guidelines, which relies on the same relevant definition of 'crime of violence' used in § 4B1.2(a)(1)."). Therefore, Pereira-Gomez applies here.

§ 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003). Here, Gattis does not meet this standard because there is nothing debatable about the court's resolution of his § 2255 petition.

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** Gattis's motions and **FINDS AS MOOT** the government's motion to stay. A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**February 10, 2020**
**Charleston, South Carolina**